UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

**NEAL BERG,**

        Plaintiff,

        -against-

**THE CITY OF NEW YORK,
MARCY VELEZ SHIELD # 11107,
JOSE LIRANZO SHIELD # 31073,
JOHN AND JANE DOE ## 1-4**

        Defendants
--------------------------------------------------------X

COMPLAINT

CV10 – 2202

JURY TRIAL DEARIE, CH. J.
DEMANDED

GO, M.J.
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 12 2010 ★
BROOKLYN OFFICE

## NATURE OF ACTION

1. This action is brought by Plaintiff to recover damages for violations of Plaintiff's rights pursuant to 42 US.C. § 1983.

## THE PARTIES

2. Plaintiff is a resident of Queens, New York.

3. The City of New York is a municipal corporation whose residence is in all five counties of New York City.

4. Defendants Velez and Liranzo are employee of the New York City Police Department stationed, upon information and belief, at the 26th Precinct in Manhattan.

1

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

6. Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

7. On March 6, 2009 at around 4 PM, plaintiff was in a car with friends in Harlem, intending to a local establishment known as Patrick Ryan's, which is on Broadway between La Salle Street & Thiemann Place, which are near 125th Street.

8. While plaintiff's friends attempted to park the car, plaintiff got out walked towards Patrick Ryan's. Plaintiff went into the bar, greeted a friend, then went outside to take a smoke while he awaited his friends.

9. As Mr. Berg walked towards the bar, however, several Caucasian and Latino men ran toward him, and threw him against the wall. Plaintiff would later learn they were police officers, but at the time they were not in uniform and were not showing any badges or verbally identifying them as police.

10. Neal protested, "What's going on?" and the men started searching him. At one point he was brought forcefully to the ground and injured. He was pushed face down into the cement, and this cause his face to bleed profusely. The officers searched plaintiff and found nothing.

11. Plaintiff was thereupon arrested. He did not resist arrest in any manner. Nevertheless plaintiff was arrested for no reason whatsoever.

12. Plaintiff's friends arrived on the scene and asked why he was being arrested. One of the officers said in response, "I"ll give you two seconds to shut up or I'm going to arrest you, too."

13. Another friend who had been in the bar arrived on the scene and asked why plaintiff was being arrested. The officer said that a black man in the area was reported to have committed a robbery, or words to that effect. Plaintiff is white. Plaintiff's friend pointed out this discrepancy, but was told to get away.

14. There were 3 or 4 officers on the scene, Latino and White. Not a single female officer was involved in the arrest, although certain backup officers came.

15. Plaintiff was and charged with two of the three usual false charges: Obstruction of Governmental Administration and Resisting Arrest.

16. However, because plaintiff was obviously injured, the officers made up a third charge more inflammatory than the usual disorderly conduct. In order to justify the injury, the officers charged plaintiff with attempted assault in the third degree.

17. Additionally, to make the charges more inflammatory, the officer at the scene, Jose Liranzo, falsely swore under penalty of perjury that plaintiff had attempted to assault a female officer, to wit, one Marcy Velez, who was not at the scene at the time of the initial stop. Velez later joined the perjury in official court papers.

18. Plaintiff was taken to St. Luke's Roosevelt Hospital and diagnosed with an elbow injury and facial contusions. Later, he was arraigned and released, and returned to court several times.

19. Finally, against him was dismissed on or about 11/19/09. He now sues for redress.

## FIRST CAUSE OF ACTION
## FALSE ARREST UNDER 42 U.S.C. § 1983

20. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

21. Plaintiff was arrested without probable cause. The conduct of defendants violated plaintiff's right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

22. By virtue of the foregoing, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
## MALICIOUS PROSECUTION
## 42 U.S.C. § 1983

23. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

24. Acting under color of state law, defendants brought charges against plaintiff without probable cause which resulted in plaintiff's incarceration for over a year.

25. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

## THIRD CAUSE OF ACTION
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

26. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

27. Defendants used excessive force against plaintiffs in violation of their rights under the federal constitution.

28. At no time did either plaintiff attempt to resist in any way, or offer violence or threaten anyone.

29. Defendant's actions pursuant to this incident were under color of state law.

30. As a result of the foregoing, plaintiffs were deprived of their right to be secure in their person, against unreasonable seizure of their person and against the use of excessive force in violation of the Eighth, Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983, and have been damaged and demands compensatory and punitive monetary relief.

## FOURTH CAUSE OF ACTION
## FAILURE TO INSTRUCT, SUPERVISE, AND CONTROL DIRECTED AGAINST THE CITY OF NEW YORK UNDER AND COGNIZABLE UNDER 42 U.S.C. § 1983

31. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. At all times relevant to this complaint, defendants as officers of the City of New York Police Department, was acting under the direction and control of the City of New York, which acted through its agents and employees who were responsible for making policy of the police department, its officers and operations, and the individually named defendants were acting pursuant to either official policy or the practice, custom and usage of the City of New York and its Police Department.

33. Acting under color of law, by and through the policy makers of the City of New York and pursuant to official policy or custom and practice, the City of New York intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of New York, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants in the performance of their duties to refrain from

   a. excessive use of force;

   b. arresting individuals without probable cause;

   c. committing perjury and otherwise filing false instruments with impunity.

32. The City of New York had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done,

7

as heretofore alleged, or other unlawful or unconstitutional acts, were going to be committed. Defendant City of New York had power to prevent the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of New York failed or refused to do so.

33. As a result of the foregoing, plaintiff was deprived of his right to be secure in his person, against unreasonable seizure of his person and against the use of excessive force in violation of the Eighth, Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983, and has been damaged.

## FIFTH CAUSE OF ACTION
## FAILURE TO INTERCEDE AND PREVENT THE VIOLATION OF CONSTITUTIONAL RIGHTS 42 U.S.C. § 1983

34. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. While plaintiffs' rights were being violated, each co-defendant did nothing to prevent these violations of plaintiff's rights.

36. The co-defendants had an opportunity to intercede on behalf of plaintiff and prevent the use of excessive force and unreasonable seizure of his person in violation of the Fourth and Fourteenth Amendment.

37. Defendants acted under color of state law.

38. As a result of the foregoing, plaintiff was deprived of his right to be secure in his person, against unreasonable seizure of his person and against the use of excessive force in violation of the Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. and has been damaged.

**WHEREFORE,** Plaintiff demands as follows:

A. Compensatory damages;

B. Punitive damages to be determined by the trier of fact;

C. Cost of suit and attorneys fees pursuant to 42 U.S.C. § 1988;

D. Such other relief as the Court may deem just and proper.

Dated:   New York, New York
         May 10, 2010

GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff
116 West 22nd Street, 5th Floor
New York, NY 10011
(212) 334-7397

9